O

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSE MANUEL GALAN,<br><br>    Petitioner,<br><br>    v.<br><br>KATHLEEN ALLISON,<br><br>    Respondent. | Case No. 8:21-cv-02019-CAS (JDE)<br><br>**ORDER ACCEPTING FINDINGS AND RECOMMENDATIONS OF UNITED STATES MAGISTRATE JUDGE** |

Pursuant to 28 U.S.C. § 636, the Court has reviewed the records and files herein, including the Petition (Dkt. 1, "Petition"), Respondent's Answer to the Petition (Dkt. 8) and supporting records, Petitioner's Reply (Dkt. 15) and supporting Memorandum (Dkt. 15), the Report and Recommendation of the United States Magistrate Judge (Dkt. 17, "Report"), and Petitioner's Objections to the Report (Dkt. 20, "Objection"). Pursuant to 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b), the Court has conducted a *de novo* review of the matters to which objections have been stated. Petitioner's assertions and arguments have been reviewed carefully. The Court, however, concludes that nothing set forth in the Objection or otherwise in the record for this case affects, alters, or calls into

question the findings and analysis set forth in the Report.  Therefore, the Court concurs with and accepts the findings and recommendations of the Magistrate Judge.

Petitioner's Objection raises two grounds: (1) that the admission of expert testimony regarding Child Sexual Abuse Accommodation Syndrome ("CSAAS") violated his due process rights and (2) that the trial court violated the Ex Post Facto Clause of the U.S. Constitution by providing a jury instruction based on the current version of Cal. Penal Code § 288.2, rather than the version in effect at the time the acts occurred.  Objection at 10-12.  The Court finds and concludes that all of Petitioner's objections are without merit.

First, Petitioner argues that the admission of expert testimony regarding CSAAS violated his due process rights because such evidence (1) improperly supplanted the jury's decision on whether the victim's testimony was credible and (2) has not received general acceptance in the scientific community.  Id. at 11-12.  The Court addresses each of these arguments in turn.

With respect to Petitioner's claim that the CSAAS testimony supplanted the jury's decision on whether the victim's testimony was credible, the Court, like the Magistrate Judge, finds that "the court of appeal reasonably rejected Petitioner's assertion that [the expert's] testimony improperly bolstered [the victim's] testimony and was likely used improperly by the jury as evidence that [she] was abused because her behavior was consistent with that abuse."  Report at 23.  The Ninth Circuit has held that CSAAS testimony is admissible when it addresses "general characteristics of victims and is not used to opine that a specific child is telling the truth."  Brodit v. Cambra, 350 F.3d 985, 991 (9th Cir. 2003).  Here, the CSAAS testimony was relevant because Petitioner suggested that the victim's behavior indicated that she was lying about being abused, and the jury could infer from the CSAAS testimony that her behavior did not mean that she was lying.

Report at 24.  The jury was instructed that the testimony was offered for the limited purpose of deciding whether the victim's conduct was inconsistent with the conduct of someone who had been abused.  Id. at 23.  And the expert testified that she did not have personal knowledge regarding the details of this case or whether the victim was telling the truth.  Id. at 24.

Because the expert's "testimony discussed the circumstances in which child sexual abuse victim's reactions may not be inconsistent with abuse but left the question of whether [the victim] was abused for the jury to decide," Petition at 71, it "assisted the trier of fact in understanding the evidence; it did not improperly bolster the particular testimony of the child victim."  United States v. Antone, 981 F.2d 1059, 1062 (9th Cir. 1992).  Accordingly, the Court finds that the court of appeal reasonably determined the CSAAS evidence was admissible.

With respect to Petitioner's claim that the admission of CSAAS testimony violated his due process rights because CSAAS evidence has not received general acceptance in the scientific community, the Court finds that the admission of the CSAAS testimony was not objectively unreasonable.  Petitioner asserts that CSAAS testimony is subject to the Kelly-Frye rule for admissibility of scientific evidence and is inadmissible under the rule because CSAAS "has not gained general acceptance in the scientific community."  Report at 19.  Contrary to Petitioner's argument, California courts have consistently held that the Kelly-Frye rule does not apply to CSAAS evidence admitted to rehabilitate a victim's credibility through discussion of victim behavior generally.  See People v. Gray, 187 Cal. App. 3d 213, 217-20 (1986); People v. Harlan, 222 Cal. App. 3d 429, 448-49 (1990).  Because the CSAAS testimony was not offered to prove the fact of abuse but, rather, to rehabilitate the victim's credibility, it was not subject to the Kelly-Frye rule.  See People v. Munch, 52 Cal. App. 5th 464, 472-73 (2020) (finding that CSAAS testimony was not subject to Kelly-Frye where it "was not

being used as scientific proof that a child had, in fact, been abused."). Therefore, the court of appeal's rejection of Petitioner's Kelly-Frye claim was not objectively unreasonable.

Petitioner's second ground for objection to the Report is that the trial court violated the Ex Post Facto Clause of the U.S. Constitution by providing a jury instruction based on the current version of Cal. Penal Code § 288.2, rather than the version in effect at the time Petitioner allegedly committed the crime, and, in doing so, violated Petitioner's due process rights because the current version of the statute is broader than the former version. Report at 26.

The Court, like the Magistrate Judge, finds that any error the trial court made in instructing the jury on Cal. Penal Code § 288.2 was harmless and therefore is not a ground for habeas relief. See Brecht v. Abrahamson, 507 U.S. 619, 638 (1993) (holding that "harmless-error standard applies in determining whether habeas relief must be granted because of constitutional error of the trial type"). The version of the statute that was in effect at the time that Petitioner allegedly violated it required one to act "with the intent or for the purpose of seducing a minor." Cal. Penal Code § 288.2 (2012), amended by § 288.2 (Stats., 2013 ch. 77 § 2). The court of appeal determined that the evidence established that Petitioner "was grooming [the victim] with the intention of enticing her to engage in sexual intercourse and other sexual acts with him and showing her pornography was part of that process." Report at 35. Accordingly, the evidence was sufficient to show that Petitioner seduced the victim, as required by the version of the statute in effect when the acts allegedly occurred. Id. The Court finds that the court of appeal's interpretation of the evidence was not objectively unreasonable because the evidence suggested that Petitioner made comments to the victim indicating that he desired to have sexual intercourse with her, including while showing her pornography, and engaged in sexual acts with the victim. Id. Thus, the court of

appeal reasonably determined that the trial court's instructional error was harmless, and the Court concludes that the error did not violate Petitioner's constitutional rights.

    Having completed its review, the Court accepts the findings and recommendations set forth in the Report. In accordance with the foregoing, the Court **DENIES** the Petition, and concludes that Judgment should be entered **DISMISSING** this action **WITH PREJUDICE.**

Dated: August 17, 2022

*Christina A. Snyder*
_____
CHRISTINA A. SNYDER
United States District Judge